Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1669 | **DATE** | 3/11/2011 |
| **CASE TITLE** | Scott Wallis vs. USA Baby, Inc. | | |

**DOCKET ENTRY TEXT**

Scott Wallis is given until March 25, 2011, to file a motion for leave to appeal as directed below.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Scott Wallis has filed his fourth and fifth appeals from interlocutory orders of the bankruptcy court in the bankruptcy case of USA Baby, Inc. Case No. 11-1668 is an appeal from an order (Bankr. Dkt. No. 261) entered January 12, 2011, denying Wallis's motion to disqualify Judge Eugene R. Wedoff from presiding in the case. Bankr. Dkt. No. 256. Case No. 11-1669 is an order (Bankr. Dkt. No. 262) entered the same date denying Wallis motion for a Rule 2004 examination of the Chapter 7 trustee. Bankr. Dkt. No. 262.

The notice of appeal was filed January 26, 2011 and is therefore timely under Fed. R. Bankr. P. 8002 and 8003(c).[1] Under the Bankruptcy Code, § 158(a)(3), leave of court is required to appeal from interlocutory orders and decrees. Under Rule 8003(a), the appellant must file a motion for leave to appeal which shall contain "(1) a statement of the facts necessary to an understanding of the questions to be presented by the appeal, a statement of those questions and of the relief sought; (3) a statement of the reasons why an appeal should be granted; and (4) a copy of the judgment, order, or decree complained of and of any opinion or memorandum relating thereto."

The orders appealed from in these cases are interlocutory, rather than final decisions. *See Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945) (A final decision is one that "end[s] the litigation on the merits and leaves nothing for the court to do but execute the judgment." Wallis has failed to file a motion for leave to appeal.

Wallis is given until March 31, 2010 to file a motion for leave to appeal in compliance with Rule 8003. The motion and any supporting memorandum together shall consist of no more than 15 pages. The statement of reasons shall demonstrate that there is (1) a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation, or (4) a specific statement of not more than 300 words as to why the matter is otherwise sufficiently important to justify an interlocutory appeal. *See In re National Steel Corp.,* 2005 WL 2171169, *3 (N.D. Ill. 2005) (examining cases concerning the required showing for motions for leave to

| STATEMENT |
|---|
| appeal and concluding that the district court ultimately has discretion to deny leave.). Wallis shall also specify the statutory basis of his standing to participate in the bankruptcy case. He shall append to the motion <u>only</u> a copy of the transcript of the motion hearing at which the motions were denied. **Failure to comply with these directions will result in summary denial of leave to appeal.** |

1. All references to § numbers herein are to title 11, U.S.Code, unless otherwise stated. References to Rules are to the Federal Rules of Bankruptcy Procedure unless otherwise stated.